No. 1-18-2115

Order filed October 23, 2020

Fifth Division

---

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

---

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 09 CR 20198 |
| | ) | |
| CLYDE WILLIAMS, | ) | Honorable |
| | ) | Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

---

PRESIDING JUSTICE DELORT delivered the judgment of the court.
Justices Hoffman and Rochford concurred in the judgment.

**SUMMARY ORDER**

¶ 1    Defendant Clyde Williams appeals from the circuit court's order denying him leave to file a successive post-conviction petition pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122 *et seq*.) (West 2016)).

¶ 2    Following a 2011 jury trial, defendant was convicted of residential burglary (720 ILCS 5/19-3(a) (West 2008)) and attempted criminal sexual assault (720 ILCS 5/8-4(a) (West 2008); 720 ILCS 5/12-13(a)(1) (West 2008)) in connection with an October 2008 incident involving the complainant, C.T. At trial, the State offered expert testimony that DNA from a sweatshirt found

in C.T.'s bedroom after the incident matched defendant's DNA profile. Defendant was sentenced to two concurrent 30-year terms.

¶ 3     On direct appeal, this court affirmed his conviction, over his contentions that the circuit court erred in admitting evidence related to DNA testing and analysis. *People v. Williams*, 2013 IL App (1st) 112473-U.

¶ 4     On July 30, 2015, defendant filed his first *pro se* postconviction petition under the Act. In that petition, he claimed, *inter alia*, that his trial counsel was ineffective for various reasons, that the trial court erred in imposing an enhanced sentence, the "State's Attorney failed to include a lesser included offense," and the State failed to prove his guilt beyond a reasonable doubt. In the petition, defendant also restated challenges to the State's DNA evidence that had been raised and rejected on direct appeal. On September 28, 2015, the circuit court summarily dismissed the petition. Defendant did not appeal that dismissal.

¶ 5     On January 22, 2018, defendant filed a *pro se* motion for leave to file a successive postconviction petition. In that motion, he claimed that his "first post-conviction petition Assistant Appellate Defender was ineffective for not raising an actually [*sic*] innocent issue." He also alleged "ineffective assistance of counsel for the post-conviction petition Assistant Appellate Defender for failing to properly investigate all police reports and witness statements" and for failing to request DNA testing of the sweatshirt. The successive petition submitted with the motion included a heading entitled "Actually Innocent Claim," but it did not reference any new evidence or articulate a claim of actual innocence. In the petition, defendant alleged he was denied his due process and equal protection rights, and that the State failed to prove his guilt beyond a reasonable doubt. He claimed that C.T.'s testimony was "false," alleging

inconsistences between her account of the incident at trial compared to her prior statements to police. Defendant also emphasized that C.T. was not "100% sure" of her identification of defendant, that C.T. admitted she was nearsighted, and that her bedroom light was off during the incident. Defendant's successive petition further claimed prosecutorial misconduct through the State's use of C.T.'s "perjured testimony" and "false DNA evidence." In the petition, he further claimed that police used "improper methods" to arrest him, his interrogation by police was improper because he did not have an attorney present, and that his conviction resulted from an "unconstitutionally suggestive lineup." Defendant also attacked the methodology of the State's forensic evidence experts and suggested that the DNA testing of the sweatshirt was flawed.

¶ 6    On August 2, 2018, the circuit court denied defendant's motion for leave to file the successive petition.[1] In doing so, the court noted that defendant did not set forth "any colorable claim of actual innocence" and that a number of the claims set forth in the successive petition had previously been raised and were thus barred by *res judicata*. The court found that the remaining claims were either not cognizable under the Act, or plainly without merit. Thus, the court concluded that defendant failed to meet the "cause and prejudice" test under the Act. 725 ILCS 5/122-1(f) (West 2016) (leave to file a successive petition "may be granted only if a petitioner demonstrates cause for his or her failure to bring the claim in his or her initial post-conviction proceedings and prejudice results from that failure.").

¶ 7    Defendant appealed, and the Office of the State Appellate Defender was appointed to represent him. Defendant's appointed counsel has filed a motion requesting leave to withdraw as appellate counsel under *Pennsylvania v. Finley*, 481 U.S. 551 (1987). Counsel has submitted a

---

[1] The record reflects that the court orally stated its reasons for the denial on July 2, 2018, although the written order denying the motion was not entered until August 2, 2018.

memorandum in support of the motion, stating that counsel has reviewed the record and concluded that an appeal in this case would be without arguable merit. Copies of the motion and memorandum were sent to defendant, who was advised that he may submit any points in support of his appeal.

¶ 8    Defendant has filed a response in which he asserts his innocence of the offenses and claims that C.T.'s testimony was "rehearsed." He also purports to raise a number of new claims of error not contained in his successive petition and which are therefore forfeited. Among these, he asserts that the "jury never saw the police report" they requested, and that they were "coerc[ed]" into reaching a verdict even after they "wrote notes to the judge about not being able to convict me." He also states that he did not testify because his lawyer told him not to and claims that the State's Attorney's Office used "improper method[s]" to indict him and that he was arrested without probable cause. He otherwise complains of "prosecutorial misconduct," including the use of perjured testimony. Finally, his response requests a "D.N.A. test on the 2010 crime charge of criminal sexual conviction or file a motion in court [to] have the criminal sexual conviction dismissed."

¶ 9    After carefully reviewing the record in light of counsel's motion and memorandum, as well as defendant's response, we agree with counsel's conclusion. In particular, defendant has not shown why he was impeded from raising these claims in his first post-conviction petition. Thus, the motion of the Office of the State Appellate Defender for leave to withdraw as counsel is allowed, and the judgment of the circuit court is affirmed.

¶ 10    This order is entered in accordance with Illinois Supreme Court Rule 23(c)(2), (4) (eff. April 1, 2018).

¶ 11    Affirmed.